NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4172
_____

UNITED STATES OF AMERICA

v.

MICHAEL ANTHONY POINDEXTER,
                              Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-98-cr-00013-003)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  RENDELL, JORDAN and BARRY, Circuit Judges

(Opinion Filed: September 12, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

        Appellant Michael Anthony Poindexter ("Poindexter") appeals a judgment

entered in the Western District of Pennsylvania revoking his supervised release.

Poindexter contends the District Court violated his due process rights when it

revoked his supervised release because it based the revocation upon conduct

which had previously been punished and he was not warned that he could be punished twice when he agreed to the original punishment. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the claim that a district court violated due process by revoking probation and imposing a sentence of imprisonment. *United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992). We will affirm.

In 1999, Poindexter was convicted under 21 U.S.C. § 846 and sentenced to 140 months in prison followed by 5 years of supervised release. Pursuant to 18 U.S.C. § 3582(c)(2), his sentence was reduced and he was released on March 20, 2009. Poindexter soon violated several conditions of his release by using illegal substances, failing to appear at a scheduled meeting with his probation officer, and obtaining new criminal charges for assault. After Poindexter waived his rights to both a hearing and counsel, the District Court granted the probation office's request to modify the conditions of his release to include a 180 day period of home confinement with electronic monitoring and an additional condition that he not use, possess, or purchase alcohol. The District Court added a notation that "any future violations may result in revocation of supervision." A second petition was filed, but was later withdrawn pending the resolution of the assault charge. On August 23, 2010, Poindexter pled guilty to assault and was sentenced to two to twelve months in prison. The probation office filed a third petition on October 10, 2010, listing the following violations: tested positive for cocaine on two occasions,

2

failed to submit to a preannounced drug test, failed to submit monthly reports, failed to abide by the restriction that he not associate with felons, failed to truthfully answer inquiries from the probation officer, and conviction of a crime. On October 12, 2010, the District Court revoked his supervised release pursuant to 18 U.S.C. § 3583(e)(3) and sentenced him to a term of twelve months and one day of imprisonment followed by thirty six months of supervised release.[1] Poindexter filed a timely appeal.

The single issue on appeal is whether the District Court violated Poindexter's due process rights when it revoked his supervised release. While supervised release, probation, and parole are not stages of criminal prosecution, they result in a loss of liberty; therefore, minimum requirements of due process are required. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The minimum due process requirements for modification and revocation of supervised release are codified in Federal Rule of Criminal Procedure 32.1.[2] The rights provided by Rule 32.1 may be waived, so long as the waiver is signed knowingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 748 (1970)(waivers of constitutional rights must be knowingly and voluntarily made). The violation of supervised release

---

[1] Pursuant to U.S.S.G. § 7B1.1(a), the District Court determined Poindexter's most serious violation – the assault conviction – qualified as Grade C and his Criminal History category was VI. This produced a guideline sentencing range of 8 to 14 months under the revocation table in U.S.S.G. § 7B1.4(a).

[2] Modification. In General. "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present information in mitigation." Fed. R. Crim. P. 32.1(c)(1).

must be proven by a preponderance of the evidence. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). In order to revoke probation, it is necessary "only that the court be reasonably satisfied that [the probationer] has violated one of the conditions of his probation." *Barnhart*, 980 F.2d at 223 (quoting *United States v. Manuszak*, 532 F.2d 311, 317 (3d Cir. 1976)).

Poindexter contends that his due process rights were violated when the District Court revoked his supervised release. He maintains that his waivers of hearing and counsel at modification were not knowing and voluntary because he did not understand that he might be subject to more penalties in the event of his conviction on the assault charge. Poindexter claims that a reasonable person would have assumed that his punishment for the assault conduct ended with the modification. Since his waivers were signed based on this misunderstanding, Poindexter argues that they violated due process, and are invalid.

The minimum requirements for modification and revocation of supervised release have been satisfied here. Under the totality of the circumstances, Poindexter knowingly and voluntarily waived his rights to both counsel and a hearing on the modification of his supervised release as required by Federal Rule of Criminal Procedure 32.1(c)(2). The probation officer read the waivers to Poindexter and Poindexter read them himself prior to signing. He was also warned in writing upon the modification that, "any future violations may result in revocation of supervision." Poindexter has never claimed the language was unclear or ambiguous in any way.

4

Additionally, and even more telling, this argument overlooks Poindexter's numerous other violations and the reasoning behind both the modification and revocation. It is clear to us that these petitions hang on violations other than merely the assault charge; therefore, the mere fact that the assault is mentioned in both petitions does not violate Poindexter's due process rights. The District Court concluded that there was no due process violation reasoning that, although both petitions referenced the assault, the petition for *modification* focused on the drug violations, while the petition for revocation referenced a series of other violations. The petition requesting modification lists several violations including a failed drug test, failure to appear at a scheduled meeting with his probation officer, and the charged assault. In addition, it required the condition that Poindexter "shall not use, possess, or purchase alcohol" and stated that "these additional supervised release conditions will aid Mr. Poindexter's rehabilitation due to his long history of drug and alcohol abuse and a large criminal history." The District Court adopted this reasoning when it granted the petition by order without further explanation.

The record indeed demonstrates that the Court revoked Poindexter's supervised release based on other violations. The petition for revocation lists numerous conditions to Poindexter's supervised release that were violated including: illegal possession of a controlled substance, use of a controlled substance and failure to submit urine samples, submission of monthly reports to the probation officer, failure to abide by the restriction against association with

convicted felons, failure to truthfully answer inquiries by the probation officer, and commission of a federal, state, or local crime. The District Court reasoned during the revocation hearing that, "[w]e still have a very long criminal record here and a series of supervised release violations after being released from a long-term prison [sic], so its not good and I have to impose a penalty because of it." Clearly, the modification and revocation petitions referenced the assault charge; however, the reasoning for both the modification and revocation are based on the numerous other violations and failed to offend due process as Poindexter has alleged.

We will affirm.